Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington on behalf of Mr. Crape. While we have briefed several issues, I'd like to concentrate on the instructional issues regarding knowledge, intent, and good faith. Here we've argued several related issues, the first being that the knowledge element of the crime should have been interpreted as applying to all the subsequent listed elements of the crime. And we've cited Flores-Figueroa for that proposition. Did Flores deal with a different statute? Flores did deal with a different statute, Your Honor. Is the statute in Flores structured different than the statute involved with Mr. Crape? Your Honor, the statute at issue in Flores was certainly shorter, but it used... In reviewing that statute, I thought it was 1028. It refers to whoever knowingly transfers, possesses, or uses. And the Supreme Court, I think, in that case said that knowingly applies to each of the subsequent elements or alternatives. But the one we're dealing with is 641. And it, I think, reads, embezzles, steals, purloins, or knowingly converts. That's correct, Your Honor. But reading Flores further, it applied the knowingly element to the phrase, and I believe it was, of a person or of another in regard to the aggravated identity theft at issue in Flores. So it did, in fact, apply the knowingly term beyond the mere, I believe they referred to them as transitive verbs, and to essentially the object of those verbs being the identity person of another. And what we're alleging here is... Of another is a little more general identity than this, is it not? Well, the key issue in Flores was whether it could be simply a false identification that somebody didn't exist... True, exactly. ...or a specific person. Exactly. What we're analogizing to here is that the property of the United States is similar to saying of another as opposed to simply being of a fake identification. Well, if it said property of another, including any governmental entity, you might be closer. But you're not that much closer with the United States. The Supreme Court has said that these things are often jurisdictional. And we have said this is one that is jurisdictional. The circuit has said this is one of those jurisdictional ones. That's correct. So maybe you have a chance with the Supreme Court or an en banc court, but how do you have a chance with this panel? Your Honor, in reviewing the cases regarding 641 from this court, it appears that that precedent was established before Figueroa. And we believe that it's appropriate to revisit it in light of Figueroa and the manner in which it applies. I know what you're saying, that Figueroa did not undo the Supreme Court's decisions about the fact that these things are often just plain old jurisdictional. You're right. It didn't undo that. It did not. I would say it's correct that it didn't undo the line of cases saying that something which is solely jurisdictional. Right. And we've said that this is solely jurisdictional. But I believe in light of... since Figueroa left open the line of cases, it says it can be purely jurisdictional. Certainly, Your Honor. But I believe in this case we can't make the... or we would argue that the conclusion that this is solely jurisdictional or purely jurisdictional is incorrect. And I think if we look to the statutes 641 and 661, you see in the general theft statute, it penalizes these offenses by saying that the maximum punishment is five years, whereas the maximum punishment here is ten years. Has there been a couple of courts of appeals that have already turned you down on that? There have been, I believe it's the Fourth Circuit and there was... Tenth, maybe. Yeah, there was one other circuit, Your Honor. Has anybody said that 641 is... the federal issue is not jurisdictional and instead becomes... knowingly becomes part of the elements of the case? Your Honor, I'm unaware of a circuit court dealing with ruling in favor of our argument on 641. I did point the court to, however, a Second Circuit case, United States v. Shim, which, again, dealt with a different statute, but addressed similar points in finding that Figueroa can modify and has changed some of what was considered purely jurisdictional in the past. That was under the Mann Act. I concede that it's a different statute. In this case, though, you've got theft, kind of the underlying offense in common law or otherwise. Theft was always kind of prohibited, wasn't it? The ownership by a federal entity wasn't the determination between an act that would be criminal and an act that wouldn't be criminal. Your Honor, I would agree with that point generally, but, again, I do think that the difference in the punishments has created more than just a jurisdictional hook for this statute. But I would agree that theft in general is criminal, provided you can prove the elements thereof. With that, I would like to segue into our second instructional argument regarding the jury instructions on good faith, because they do speak to the intent elements of theft. As we've outlined, essentially the defense proposed an instruction that stated, in effect, that a good faith belief that property has been abandoned is a defense to this crime, and that that good faith belief could be reasonable or unreasonable if the evidence, and if the good faith defense is established such that it provides a reasonable doubt, the jury must find the defendant not guilty. The instruction that the court actually gave was somewhat different, however. It said that such a good faith belief may be inconsistent, may being permissive, but certainly not mandatory. And what we're arguing is that a good faith belief negates the specific intent necessary to convict of theft. And there is significant difference between the instructions, the use of must versus may, but also the fact that in the instruction given to the court, given by the court, it did not explain that a good faith belief could be reasonable or unreasonable. And under the facts of this case, I believe that was particularly important, because the equipment at issue was a Border Patrol sensor, or a Marine Corps sensor that was used jointly with Border Patrol. It appeared to be buried. It had no markings on it. There was significant testimony about the exact condition that it was in, including information about there was a modern-looking battery, and there was argument about whether that would cause somebody to know that it was being used or not being used. Regardless of where one comes out on the issue, it was certainly a plausible determination for the jury to make that had they come across this piece of equipment, they would have recognized that it wasn't abandoned. Well, nevertheless, if Mr. Crape had a good faith belief, meaning he sincerely believed that this property was abandoned, so he picked it up, put it in his car, that, under the Morissette case that we discussed, was sufficient to require a not guilty verdict because it was inconsistent with the intent. But was the court required to give a good faith instruction? Your Honor, I think under the facts of this case, they were. Why? Under the law, was the court required to give? I didn't see any argument that the basic intent instruction was erroneous. Well, I think- Is that right? There certainly was argument that it was- Well, you never argued that it was incorrect. That's correct, Your Honor. She properly instructed the jury on the elements of the offense and the requisite intent that was required. With the exception of the knowingly portion that we just discussed. Well, forget that. Right. I would agree with that, but I do- So the good faith instruction was offered or proposed to assist you in, I guess, conveying your theory of the case. It essentially presented, it was the defense theory of the case. The defense was not contending that the property was actually abandoned, for example. It was merely contending that under these circumstances, Mr. Crape could believe that it was abandoned. Now, if she hadn't given this instruction, you could have advanced that argument just as well, right? I mean, you could have stood up there in front of the jury and said, he didn't have the requisite intent because it was abandoned, it was bought, and he just, in good faith, he just thought it was abandoned. I suppose one could argue it. I think that it would be a far less persuasive argument if there is no good faith instruction that's given or no instruction on abandonment. Now, didn't the district court sort of craft this instruction consistent with a similar one that we had previously kind of approved? I believe this instruction was actually taken from a patterned First Circuit instruction. Isn't there a Ninth Circuit case that's kind of similar to this one? Use of the word may. I may be wrong. I may be thinking of a Second Circuit pattern. I think it may be Shipsey. Shipsey. Or Dixon. There were several cases. This precise instruction in the wording of the argument was related to the First Circuit pattern instruction. So, in effect, are you arguing that the judge could not say good faith belief may be inconsistent and that the prejudicial error was the district judge not saying a good faith belief must be inconsistent? That is one. Yes, we are arguing that. We're also arguing that by not instructing on what a good faith belief was, that left the jury to guess whether such a belief had to be reasonable or could be an unreasonable but sincerely held belief. Isn't good faith belief something the jury would have some experience with? I'm not sure I can answer that. I don't know. The use of the term good may very well imply a certain amount of sincerity, but beyond sincerity that another person would hold that same belief. By definition, it has to be a sincere belief, doesn't it? It does have to be a sincere belief, but I think it could be a sincerely unreasonable belief, for example. And I would like to reserve the remainder of my time if there are no other questions at this time. Sure. Good morning. May it please the Court, my name is Russ Moon and I represent the United States. As the Court is aware, a number of issues have been presented. I think as the Court has asked a few questions, I'll go directly to the questions that has asked defense counsel on this matter and then proceed as the Court directs. The Court first asked if the statute was structurally different, which is the statute at play in Figueroa. I would submit that it clearly is in that the term knowingly precedes the terms transfer, possesses, or uses. And it is an identity theft statute. In this case, the term knowingly does not actually precede, in 641, does not actually precede the physical act of embezzling or stealing or purloining. It simply modifies conversion. It's set separately. By commas, it's a complete separate phrase. Now the question arises, well, if there's no knowingly in there, then what is the mental state? Is this simply a strict liability offense? And the United States would submit that that's what was addressed in Morissette in saying that the court or a jury cannot convict a person simply on the fact that they have stolen property in their possession. It's not strict liability. And thus, some mental state has to be proved. That came out in the Ninth Circuit's instruction that says the mental state involved is the intent to deprive the owner of property. In this case, one of the elements is not that the defendant knew that the property was owned by the United States, and that's made clear by this court and every other circuit that's addressed it thus far. Secondly, in terms of the good faith argument, the United States would submit that the good faith instruction is not required. Any more, I guess I would suggest that a court may consider what a defendant's defense is and then craft jury instructions according to that defense if those jury instructions are consistent with the law and the facts presented in the case. I would submit that in this case that what is at issue is the word may versus must. If the word must was used in the jury instruction, then it would denote that this is some type of legal defense to the charge of theft, whereas the use of the term may in this case simply says that this is maybe a factual defense. Maybe the best way to describe it, Your Honors, would be to say that a good faith defense or perhaps an intoxication defense or mental health defense would be an alibi of the mind to say, well, my mind wasn't there, so I couldn't commit the crime. The defendant is, if the facts meet those such instructions, then they're often given, but what the defendant does is he places that evidence. If he places evidence of whether he thought the property was abandoned or not to the jury, then he puts that evidence at risk, the credibility or the plausibility of that evidence, just like he does his own testimony. So therefore, the United States' position in this, and I would submit the position in the law, is that if the defendant has met the requisites of that type of instruction, the instruction is correct because it gives the opportunity to the jury to weigh evidence, factual evidence submitted as to whether or not the jury wants to believe the element of the mental state. That's what the next sentence says, is it not? Yes. Maybe his good faith belief will do it. You should consider all that evidence, and after you've considered that with all the other evidence, you decide whether he did act knowingly to deprive. Isn't that what the next sentence says? Yes, Your Honor. That's what you're really saying to us, is that right? Yes. And I would also note that I don't know necessarily that the instruction would have to be given, but it was given in this case. Didn't the government propose an instruction along these lines? Yes, Your Honor. There was not, to be perfectly candid, I could not find a, I was trial counsel, could not find a specific Ninth Circuit instruction on this. You don't have, if you properly instruct on intent, you don't have to give this kind of instruction. This really goes to intent. Well, the instruction, Your Honor, was not proposed by the government initially. It was proposed in response to the defendant's suggestion. The only reason for giving this is because it allows the defendant to really shape his theory of the case. That's what I understand. I would agree, Your Honor. Because this is technically a good faith, I think our case law says that a good faith instruction isn't necessary if the intent instruction has been properly formulated. I would agree, Your Honor, although I can't picture those specific case law words in my mind. I would note that the court referenced a Shipsy case. Interesting, there were two Shipsy cases in this argument, but I believe the one that the court references is at 363F3rd, and it specifically stated in the government's brief on page 35 that, on page 967 of the Shipsy case, that in determining, quote, in determining whether or not the defendant acted with an intent to do fraud, you may consider whether or not the defendant had a good faith belief. So I think, in hindsight, Your Honors, rather than taking a First Circuit instruction, the United States simply could have taken this instruction and cited the Ninth Circuit rather than the jury instructions. And the defense wasn't precluded from arguing good faith, right? Absolutely not, Your Honor, and I believe that the court asked the question as to whether juries would have this understanding anyway, and I think probably to use more colloquial terms, I think if we bring 12 jurors in and we rely on their common experience in life, that I think that we can assume that every juror sitting there, or at least the majority of the jurors, would understand the concept of somebody arguing finders keepers. And I think that the defendant's argument, really, that the property was abandoned, or his attempt to make that argument to the jury, is really no different than saying, I found something, I get to keep it. I think that could have been argued, certainly, to the jury without the instruction, but I don't think the instruction harms anything, and certainly the United States position is that the instruction is consistent with what the defendant wanted to purvey to the jury as his defense. You know, I always thought that, well, I don't know, but I was surprised that this little device didn't at least have a little statement on it saying, property of the United States, which would have foreclosed just about any argument. It certainly would have, Your Honor. You know, just a little statement. They even put it on our desks. You know, throughout all our, where we have property of the United States. It's on almost every item I have except the government pen that I brought with me to argument, Your Honor. I mean. I think probably a good, well. You might convey that to the United States Border Patrol. There were other issues presented by the defendant, and I'm prepared to address the other issues that remain. There was an issue of whether the indictment was constructively amended or not. I'm prepared to discuss that if that's, if the court is concerned about that or has questions, specific questions. I don't have any. In short then, Your Honor, I guess the United States would submit any additional argument just on the briefing and respectfully request this court to affirm the conviction. Thank you. Thank you, Your Honors. I'd like to briefly turn to the SHPSE issue that the government was just discussing. And I think in comparing the discussion in SHPSE that the government cited with instruction number 13 in this case, which is E.R. 53, our argument is that in SHPSE the court said you may consider whether or not the defendant had a good faith belief. And I believe that that is a correct statement of law, that that is simply telling the jury this is a factual issue for you to consider. Our contention with regard to instruction 13 is that it's not discussing factually whether the jury can consider a good faith belief. It's saying if you find a good faith belief, the legal effect of that allows you but does not require you to acquit. So our argument is in essence that whereas SHPSE was a correct statement of law saying that the jury was the fact finder, this instruction misstated the law in telling the jury that if you find a good faith belief that the defendant believed this product was abandoned, you can nevertheless convict him. And we believe that that's an incorrect statement of law. And I believe that because You're basically reading out the last sentence of the instruction of that argument. Well, again, I believe that the last sentence is phrased in a different way in that it is saying after considering the evidence, so it's leading the jury to a factual, to saying it's your job to weigh the facts. But that statement is saying that the legal effect of a good faith belief may or may not be a legal defense. The instruction goes on, you have a reasonable doubt that the defendant acted knowingly to deprive the owner of the use or benefits, then you must find the defendant not guilty. Isn't the district judge telling them that absent this intent that they necessarily have to find the defendant not guilty? That appears to be what that sentence is designed to state. But the fact that there's a sentence immediately before it that seems to indicate the opposite, that even if they find a good faith belief, they can nevertheless convict, is at the very least contradictory. And I believe that this goes to the issue that had been raised about whether this instruction is required. Whether or not it's required, I think it's certainly required that any instructions given be correct. And our argument is, in essence, that this instruction is incorrect because it's saying the legal effect of a factual determination is that you may or may not acquit, when it should have been if you find this, you must acquit. And that's what's missing from this statement. And that is our argument on that point. Unless there are any further questions, my time is up. Thank you. Interesting case. Thank you. The matter is submitted.
judges: Gwin, Fernandez, Paez